IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street SW, Suite 800 <br> Washington, DC 20024, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, <br> 950 Pennsylvania Avenue NW <br> Washington, DC 20530, <br><br> Defendant. | Case No.: |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law.  As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes the

agencies' responses and disseminates both its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Justice ("DOJ") is an agency of the U.S. Government and is headquartered at 950 Pennsylvania Avenue NW, Washington, DC 20530. Defendant has possession, custody, and control of public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On May 2, 2025, Plaintiff submitted a FOIA request via the online portal to the Federal Bureau of Investigations ("FBI"), a component of Defendant. The request sought access to the following:

> Records and communications created, sent, received, or maintained by the following FBI personnel or former personnel,
>
> - SA Walter Giardina
> - SSA Blaire Toleman
> - ASAC Timothy Thibault
>
> about the investigation, arrest, indictment, or prosecution of Peter Navarro; to include contempt of Congress referrals regarding Navarro or any former Trump Administration officials.

The time frame of the request was identified as "January 21, 2021, to [the] present."

6. By letter dated May 14, 2025, Defendant acknowledged receipt of the request and advised Plaintiff that the request had been assigned FOIPA Request No. 1667599-000.

7. By letter dated October 17, 2025, Defendant notified Plaintiff the request had been "categorically denied pursuant to FOIA exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C)."

8. By letter dated November 6, 2025, Plaintiff administratively appealed Defendant's determination stating, in part, Defendant "failed to conduct the required balancing test under Exemptions 6 and 7(C), acknowledge Navarro's diminished privacy interest as a high-

ranking public official, recognize that privacy interests are materially reduced when criminal proceedings are public, segregate and release non-exempt factual and operational material, and provide a *Vaughn*-level justification for its withholdings."

9. By letter dated November 20, 2025, Defendant acknowledged receipt of the administrative appeal on November 6, 2025, and advised Plaintiff that the appeal had been assigned tracking number A-2026-00079.

10. Plaintiff has received no further response.

11. As of the date of this Complaint, Defendant has failed to make a final determination on Plaintiff's administrative appeal, and produce the requested records or otherwise demonstrate that the requested records are exempt from production.

### COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

12. Plaintiff realleges paragraphs 1 through 11 as if fully stated herein.

13. Defendant is in violation of FOIA.

14. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

15. Plaintiff has no adequate remedy at law.

16. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's administrative appeal by December 12, 2025. Because Defendant failed to issue a final determination within the time required by FOIA, Plaintiff is deemed to have exhausted its administrative remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it

employed search methods reasonably likely to lead to the discovery of records responsive to the request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  January 12, 2026                                    Respectfully submitted,

*/s/ Lauren M. Burke*
Lauren M. Burke
D.C. Bar No. 1028811
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:    (202) 646-5172
Email: lburke@judicialwatch.org

*Counsel for Plaintiff*